**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 15-14069-CR-MIDDLEBROOKS/LYNCH

18 U.S.C. § 1344
18 U.S.C. § 1341

UNITED STATES OF AMERICA

v.

MARK ALAN YODER,
                       Defendant.
_____/

FILED by ___ D.C.

NOV 12 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Wells Fargo Bank, N.A. ("Wells Fargo Bank") was a financial institution with offices located in the State of Florida, and whose accounts were insured by the Federal Deposit Insurance Corporation.

2. Wells Fargo Bank held a mortgage on property owned by Defendant **MARK ALAN YODER**.

3. On or about March 16, 2010, Wells Fargo Bank filed a lis pendens, and thereby instituted a lawsuit in the Circuit Court for the Nineteenth Judicial Circuit in and for Martin County, Florida, seeking foreclosure on the mortgage it held on the property owned by Defendant **MARK ALAN YODER**.

4. On or about February 10, 2012, Wells Fargo Bank obtained a final judgment of foreclosure on the property owned by Defendant **MARK ALAN YODER**.

## COUNTS ONE THROUGH FIVE
(Bank Fraud, 18 U.S.C. §1344)

5. Paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

6. From on or about July 16, 2010, and continuing through on or about March 9, 2012, in Martin County, in the Southern District of Florida, and elsewhere, the Defendant,

**MARK ALAN YODER,**

did knowingly, and with intent to defraud, execute, attempt to execute, and cause the execution of, a scheme and artifice to defraud a financial institution, and to obtain moneys, funds, and other property owned by, and under the custody and control of said financial institution, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

### PURPOSE OF THE SCHEME AND ARTIFICE

7. It was the purpose of the scheme and artifice for Defendant **MARK ALAN YODER** to unjustly enrich himself by presenting false and fraudulent documents and statements to Wells Fargo Bank, and to thereby defeat or nullify loans, and property interests securing said loans, evidencing Defendant's debt to Wells Fargo Bank, in order to obtain property, and, by fraudulent misrepresentations, to defeat the Wells Fargo Bank's lender's security interests in mortgaged property, in order to make money and profit by the defrauding of Wells Fargo Bank.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the Defendant **MARK ALAN YODER** sought to accomplish the purpose of the scheme and artifice included, among other things, the following:

8. The Defendant sought to thwart the foreclosure of the mortgage on his home and made false representations as to material facts in the service and submission of documents to Wells Fargo Bank and to the Clerk of the Court, which Defendant fabricated and designed, to falsely appear to be compulsory legal documents.

2

9. The Defendant falsely and deceptively claimed monies owed to him, in opposition and offset to the bank's mortgage and security interest, in the form of a settlement or payment of damages, and made false representations as to material facts in the service and submission of documents which Defendant fabricated and designed, to falsely appear to be compulsory legal documents.

10. The Defendant falsely and deceptively claimed a priority in payment to him of monies owed for maintenance and upkeep of his home, and filing with the Clerk of Court in Martin County, a Mechanic's Lien on the property subject to the mortgage held by Wells Fargo Bank.

## EXECUTION OF THE SCHEME AND ARTIFICE

11. On or about the dates specified as to each Count below, the Defendant **MARK ALAN YODER**, did execute, and cause the execution of, the above described scheme and artifice to defraud, as more particularly described below:

| COUNT | DATE | ACT IN EXECUTION |
|---|---|---|
| 1 | July 16, 2010 | Submission to Wells Fargo Bank of fraudulent "Presentment Letter" |
| 2 | July 26, 2010 | Submission to Wells Fargo Bank of fraudulent "Presentment Letter 2nd Notice" |
| 3 | August 3, 2010 | Submission to Wells Fargo Bank of fraudulent "Presentment Letter 3rd and Final Notice" |
| 4 | August 23, 2010 | Submission to Wells Fargo Bank of fraudulent "Pre-Offset Notice for Balanced Book Adjustment" and "Private Registered Bonded Promissory Note" in the amount of $131,250 |
| 5 | March 9, 2012 | Filing with the Clerk of Martin County, Florida, of a fraudulent Mechanic's Lien in the amount of $121,344 |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS SIX THROUGH NINE
(Mail Fraud, 18 U.S.C. §1341)

### INTRODUCTION

12. The Tequesta Police Department is a municipal police department located in the Village of Tequesta, Florida, in Palm Beach County, in the Southern District of Florida.

13. On or about October 18, 2010, an officer of the Tequesta Police Department ("Officer #1") issued a traffic citation to Defendant **MARK ALAN YODER**, for failure to wear a seat belt.

14. During the traffic stop, Defendant **MARK ALAN YODER** refused to produce his identification or driver's license. A second Tequesta Police Department officer ("Officer #2") arrived at the scene of the traffic stop to provide back up to Officer #1.

15. On or about January 28, 2011, the citation for failure to wear a seat belt was dismissed by the traffic court, for failure of an issuing officer to appear in the matter.

### THE SCHEME AND ARTIFICE

16. Beginning on or about October 18, 2010, and continuing through on or about January 25, 2011, in Martin County and Palm Beach County, in the Southern District of Florida, the Defendant,

**MARK ALAN YODER,**

knowingly and with intent to defraud, did devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property from "Officer #1," "Officer #2," and the Tequesta Police Department, by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, and attempting to do so, did knowingly cause to be delivered certain mail matter by the United States Postal Service and by private and commercial interstate carriers, according to the direction thereon.

## PURPOSE OF THE SCHEME AND ARTIFICE

17.     It was the purpose of the scheme and artifice for Defendant **MARK ALAN YODER** to unjustly enrich himself by mailing through the U.S. Postal Service false and fraudulent documents and statements to the Tequesta Police Department, and to two Tequesta Police Department officers, "Officer #1" and "Officer #2", in order to obtain property, and, by fraudulent misrepresentations, to make money and profit by the defrauding of those two officers and the Tequesta Police Department.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the Defendant **MARK ALAN YODER** sought to accomplish the purpose of the scheme and artifice included, among other things, the following:

18.     The Defendant directed false and fraudulent efforts against officials of the Tequesta Police Department, to obtain money in the form of a settlement or payment of damages.

19.     The Defendant submitted, and caused to be submitted, through the United States Postal Service, among other things, fraudulent "Notices of Fault and Demands for Payment" directed specifically to "Officer #1" and "Officer #2" at the Tequesta Police Department.

20.     The Defendant submitted and caused to be submitted through the mails additional documents entitled "Second Notice of Fault," and "Final Notice of Fault" and "Final Notice of Determination and Judgment In Nihil Dicit", addressed to "Officer #1" and "Officer #2," and the Tequesta Police Department.

## USE OF THE MAILS

21.     On or about the dates specified as to each Count below, in Martin County in the Southern District of Florida, the Defendant,

**MARK ALAN YODER,**

for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and

5

attempting to do so, did knowingly cause to be delivered by the United States Postal Service, and by private or commercial interstate carrier according to the directions thereon, the items identified below:

| COUNT | APPROXIMATE DATE OF MAILING | DESCRIPTION OF MAILING |
|---|---|---|
| 6 | December 17, 2010 | First Notice of Fault and Demand for Payment |
| 7 | December 29, 2010 | Second Notice of Fault and Demand for Payment |
| 8 | January 7, 2011 | Final Notice of Default and Demand for Payment |
| 9 | January 25, 2011 | Notice of Final Determination and Judgment In Nihil Dicit |

All in violation of Title 18, United States Code, Section 1341.

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

THEODORE M. COOPERSTEIN
ASSISTANT UNITED STATES ATTORNEY

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | |
| MARK ALAN YODER, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| _____ Defendant. / | Indictment Case Information: |

**Court Division:** (Select One)

____ Miami  ____ Key West
____ FTL    ____ WPB   _X_ FTP

New Defendant(s)            Yes ____   No ____
Number of New Defendants    ____
Total number of counts      ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) _No_
   List language and/or dialect _____

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | |
   |---|---|---|
   | I   | 0 to 5 days      | x |
   | II  | 6 to 10 days     | |
   | III | 11 to 20 days    | |
   | IV  | 21 to 60 days    | |
   | V   | 61 days and over | |

   (Check only one)

   | | |
   |---|---|
   | Petty    | |
   | Minor    | |
   | Misdem.  | |
   | Felony   | x |

6. Has this case been previously filed in this District Court? (Yes or No) _no_

   If yes:
   Judge: _____                    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No) _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ____ Yes   _x_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ____ Yes   _x_ No

_____
THEODORE M. COOPERSTEIN
ASSISTANT UNITED STATES ATTORNEY

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Case No.

Defendant's Name: **MARK ALAN YODER**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1-5 | Bank Fraud | 18:1344<br>18:2 | 30 years prison<br>$1 million fine<br>SR: 5 years<br>$100 special assessment |
| 6-9 | Mail Fraud | 18:1341 | 20 years prison<br>$250,000 fine<br>SR: 5 years<br>$100 special assessment |