UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14069-CR-MIDDLEBROOKS/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARK ALAN YODER,

    Defendant.
_____/

FILED by _____ D.C.

JAN 20 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S PRO SE "NOTICE TO COURT" [D.E. 26]

**THIS CAUSE** having come before this Court upon the Defendant's pro se "Notice to Court" [D.E. 26], and this Court having received an Order of Reference from the District Court to conduct a hearing in respect to this motion/notice and the Court having conducted a hearing on January 20, 2016, makes the following recommendation to the District Court:

    1.    The Defendant has filed this "Notice to Court" [D.E. 26] which the Court considers to be a motion seeking to relieve the Federal Public Defender of any further responsibility in representing him in this matter and that he be permitted to represent himself going forward in this case. At the hearing on January 20, 2016, the Defendant was present with AFPD Panayotta Augustin-Birch and also present was AUSA Theodore Cooperstein.

    2.    The Court placed the Defendant under oath and questioned him in respect to his knowledge and ability to represent himself. The record will accurately set forth how the hearing unfolded. This Court will attempt in this Report and Recommendation to set forth the questions and the Defendant's responses so that the District Court has the ability to review this matter with or without the necessity of ordering a transcript of the hearing.

    3.    The Defendant's responses to the Court's questions were as follows:

a. The Defendant stated that he is 55 years of age and attended Florida State University for two years. He does not have a degree. The Defendant acknowledged that he can read, write, and understand English.

b. The Defendant's mailing address for purposes of future correspondence with the Court is 4781 Jorgensen Road, Fort Pierce, Florida.

c. The Court had the government state the charges set forth in the nine count Indictment as well as the penalties associated with each of those counts. After that was done, the Defendant acknowledged that he understood the charges against him and the possible penalties he is facing as stated on the record at this hearing.

d. The Defendant acknowledged that he previously has been represented by an attorney in a civil or criminal matter and had the ability to observe that attorney handle that matter at trial so he is familiar with the operations of a trial by previously being a party to such a legal proceeding.

e. The Defendant stated that he is not an attorney nor has he received any formal training in the law.

f. The Defendant acknowledged that he has observed or participated in jury selection twice in other legal proceedings. It is not clear whether or not he was a party to those proceedings or if he simply observed jury selection in another case. However, it is not necessary that he had been a party. The Court was simply concerned with his observance of jury selection prior to this case.

g. The Defendant stated that he understands that jury selection is a difficult process and that he and the government are limited in the number of challenges and the manner of challenging prospective jurors.

h. The Defendant knows how to research jury instructions and that he would be obligated to provide proposed written jury instructions to the District Court at the appropriate time designated. The Defendant stated that he knows how to submit those jury instructions to the Court.

i. The Defendant stated he has read the federal statutes involved in this case and is familiar with them. He stated that he understands and can apply/argue the Federal Rules of Evidence which may be applicable in this case.

j. The Defendant stated that he knew how to introduce exhibits into evidence and/or oppose the government's attempts to introduce evidence. The Court explained in very general terms how exhibits are marked and offered into evidence. The Defendant stated that he can do that. Further, the Defendant stated that he understands that he will be required to offer any items of evidence to the Court during the trial which he feels may be applicable to his case.

k. The Defendant understands that he will be responsible for having subpoenas issued for any witnesses that he wishes to present during the trial and that he should not rely upon the government to have those witnesses available at trial. The Court told the Defendant that he may wish to start having those subpoenas issued as soon as possible since the trial in this case is presently set for February 8, 2016. The Court instructed the Defendant that the forms for requesting subpoenas are available in the Clerk's Office in this courthouse.

l. The Defendant stated that he is familiar with the Federal Rules of Criminal Procedure and can apply those in this case.

  m. The Defendant stated that he understood that if he is permitted to go forward to represent himself in this matter that he cannot later, during the trial, tell the Court that he made a mistake and now wanted an attorney to represent him in the middle of the proceedings.  The Court explained this to the Defendant further and he fully understands that he cannot "call a time out" during the trial and request counsel.

  n. The Defendant stated that he understood that if he is found guilty of any offense in this case, that it would be very difficult, if not impossible, to argue on appeal that the District Court should not have allowed him to represent himself.

  o. The Defendant stated that he was not under the influence of any drug or medication or alcoholic beverage at the time of this hearing.  Further, the Defendant stated that he has never been treated for any mental condition or substance abuse of any kind.

  p. The Defendant stated that he understood that the handling of a defense in a federal criminal case is very difficult and takes years of training and education to be competent to do so.  Further, the Court advised the Defendant that very competent attorneys choose not to handle federal criminal cases because of the specialized training in the law that may be called into place in such federal criminal trials.  The Defendant stated that he understands that, but still wishes to represent himself.

  q. The Court advised the Defendant that the Federal Public Defender's Office, who presently represents him, handles only federal criminal cases and is extremely competent in such matters.  The Court further advised the Defendant that the Federal Public Defender would provide a much better defense for him than an untrained individual

such as himself.  The Defendant stated that he understood that, but still wished to represent himself.

      r.      The Defendant stated that he understood, should he be found guilty of any offense in this case, that he would be responsible for arguing the Federal Sentencing Guidelines which may be applicable in his case should this matter proceed to sentencing.

      s.      The Defendant stated that he understood that in representing himself, his freedom and guilt/innocence is being held in the balance based upon his ability or inability to competently represent himself in this matter.

      t.      The Court asked the Defendant if he wished to consider and allow the Federal Public Defender to continue to represent him in this case.  The Defendant stated that while he has the utmost respect for Ms. Birch and the Office of the Federal Public Defender, that he does not wish for them to continue to represent him in this matter.

      u.      The Court asked the Defendant if he wished for the Federal Public Defender to sit in the courtroom in the gallery during the trial as "stand-by counsel" for him to answer questions that may arise during the trial.  The Defendant stated that he was reluctant to do so and eventually advised the Court that he did not wish to exercise that option.

      v.      The Court advised the Defendant that the District Court would not be able to assist he or the government during the trial of the case and therefore cannot aid the Defendant or give advice to the Defendant on evidentiary issues or any issues which may arise during the trial.  The Defendant stated that he understood this and still wished to represent himself.

5

   w. The Court advised the Defendant that this matter is set for trial for February 8, 2016 and that by granting him the right to represent himself, will not automatically continue the trial of this matter. The Defendant stated that he does intend to file a motion to continue the trial. Counsel for the government, AUSA Cooperstein, stated that the government would not object to the motion to continue. However, this Court made it clear to the Defendant that it would be up to Judge Middlebrooks alone to decide whether or not the case would be continued. The Defendant stated that he understood that.

   x. The government stated that it is ready to proceed to trial on February 8th as presently set. The Defendant stated that he is not ready and would be filing a motion to continue as referenced above.

   y. The Defendant stated that he understood that this Court would be submitting a Report and Recommendation to the District Court based upon the matters presented during this hearing and that the final decision as to whether or not he would be permitted to go forward representing himself would be made by Judge Middlebrooks, the U. S. District Judge assigned to this case. The Defendant acknowledged that he understood that procedure and that any Order from the District Court would relate back to the time of the filing of his Notice to Court [D.E. 26].

   z. Finally, the Court asked the Defendant if he still wished to proceed on his own and represent himself in this matter and he stated that is his wish.

   4. The Court then stated that it would issue a Report and Recommendation to the District Court that the Defendant be given the right to represent himself in this matter.

5. In respect to the applicable law, this Court looks to Faretta v. California, 95 S.Ct. 2525 (1975). In Faretta the Supreme Court set certain legal precedents. For example, the Court stated that a defendant who elects to represent himself cannot thereafter complain that quality of his own defense amounted to a denial of effective assistance of counsel. Further, the Court went on to state that a defendant need not himself have skills and experience of a lawyer in order to competently and intelligently choose self representation. However, he should be made aware of the dangers and disadvantages of self representation, so that the record will establish that he knows what he is doing and that his choice is made with his eyes open. This Court feels that the hearing and the questions asked by the Court and the Defendant's responses do show that he is knowingly and intelligently waiving his right to counsel and wishes to represent himself in this proceeding under the legal precedents established in respect to such matters. As in Faretta, the record affirmatively shows that the Defendant is literate, competent, and has the understanding to represent himself and was voluntarily exercising his informed free will. Where he has been warned by the trial court of the possible pitfalls of representing oneself, he has the right to proceed in that fashion. The Defendant clearly and unequivocally wishes to represent himself and the record made by this Court will bear that out. The Defendant should be given that right. So long as the record establishes that the Defendant knew what he was doing and his choice was made with eyes open, the trial judge's decision to allow the defendant to represent himself will be upheld. See Fitzpatrick v. Wainwright, 800 F.2d 1057 (11th Cir. 1986).

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Notice to Court [D.E. 26] which is construed as a Motion to Proceed Pro Se be **GRANTED**

and that the Office of the Federal Public Defender be relieved from any further responsibilities in representing the Defendant in this matter.

The Court stated on the record that based upon its recommendation and the impending trial date, that the Court would be setting a short date for filing any objections to the Report and Recommendation. This Court does not believe that either party is going to file an objection. However, if they wish to do so, any objections to this Report and Recommendation shall be filed with the District Court **no later than close of business on Friday, January 22, 2016**. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of January, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald M. Middlebrooks
AUSA Theodore M. Cooperstein
AFPD Panayotta Augustin-Birch

Mark Alan Yoder
4781 Jorgensen Road
Fort Pierce, Florida 34981